McMahon, C.

**[Second Amended Proposed] Final Judgment and Order**

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| IN RE BEACON ASSOCIATES LITIGATION | No. 09 Civ. 0777 (LBS) |
| IN RE J.P. JEANNERET ASSOCIATES, INC. | No. 09 Civ. 3907 (CM) |
| HILDA L. SOLIS, Secretary of the United States Department of Labor,<br><br>Plaintiff,<br><br>v.<br><br>BEACON ASSOCIATES MANAGEMENT CORP. et al.,<br><br>Defendants. | No. 10 Civ. 8000 (LBS) (AJP) |
| BOARD OF TRUSTEES OF THE BUFFALO LABORERS SECURITY FUND et al.,<br><br>Plaintiffs,<br><br>v.<br><br>J.P. JEANNERET ASSOCIATES, INC. et al.,<br><br>Defendants. | No. 09 Civ. 8362 (LBS) (AJP) |
| BEACON ASSOCIATES MANAGEMENT CORP.<br><br>Plaintiff,<br><br>v.<br><br>BEACON ASSOCIATES LLC I,<br>                        Defendant. | No. 09 Civ. 6910 (AJP) |

(Caption continued on next page)

{2283 / ORD / 00117465.DOC v1}

USDS SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 5/29/13

| | |
|---|---|
| ERNEST A. HARTMAN et al.,<br><br>               Plaintiffs,<br><br>      v.<br><br>IVY ASSET MANAGEMENT L.L.C. et al.,<br><br>               Defendants. | No. 09 Civ. 8278 (LBS) (AJP) |
| STEPHEN C. SCHOTT, as TRUSTEE FOR THE STEPHEN C. SCHOTT 1984 TRUST,<br><br>               Plaintiff,<br><br>      v.<br><br>IVY ASSET MANAGEMENT CORP. et al.,<br><br>               Defendants. | No. 10 Civ. 8077 (LBS) |

(Caption continued on next page)

{2283 / ORD / 00117465.DOC v1}

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK

| | |
|---|---|
| DONNA M. McBRIDE, individually and derivatively on behalf of Beacon Associates LLC II,<br><br>Plaintiff,<br><br>v.<br><br>KPMG INTERNATIONAL et al.,,<br><br>Defendants,<br><br>-and-<br><br>BEACON ASSOCIATES LLC II,<br><br>Nominal Defendant. | Index No. 650632/2009E |
| ALISON ALTMAN, et al.,<br>Plaintiffs,<br><br>v.<br><br>BEACON ASSOCIATES MANAGEMENT CORPORATION, et al.,<br><br>Defendants. | Index No. 652238/2010 |

{2283 / ORD / 00117465.DOC v1}

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NASSAU

| | |
|---|---|
| JOEL SACHER and SUSAN SACHER, derivatively on behalf of BEACON ASSOCIATES LLC II,<br><br>                    Plaintiffs,<br><br>          v.<br><br>BEACON ASSOCIATES MANAGEMENT CORP. et al.,<br><br>                    Defendants,<br><br>     -and-<br><br>BEACON ASSOCIATES LLC II,<br><br>                    Nominal Defendant. | Index No. 005424/2009 |
| CHARLES J. HECHT, derivatively on behalf of ANDOVER ASSOCIATES LLC I,<br><br>                    Plaintiff,<br><br>          v.<br><br>ANDOVER ASSOCIATES MANAGEMENT CORP. et al.,<br><br>                    Defendants,<br><br>     -and-<br><br>ANDOVER ASSOCIATES LLC I,<br>                    Nominal Defendant. | Index No. 006110/2009 |

{2283 / ORD / 00117465.DOC v1}

| | |
|---|---|
| THE JORDAN GROUP LLC, derivatively on behalf of BEACON ASSOCIATES LLC I, <br><br>                         Plaintiff, <br><br>           v. <br><br> BEACON ASSOCIATES MANAGEMENT CORP. et al., <br><br>                    Defendants, <br><br>        -and- <br><br> BEACON ASSOCIATES LLC I, <br><br>                  Nominal Defendant. | Index No. 003757/2011 |

CIRCUIT COURT OF THE STATE OF FLORIDA
FIFTEENTH JUDICIAL CIRCUIT, PALM BEACH COUNTY

| | |
|---|---|
| HARVEY GLICKER, et al,<br><br>                  Plaintiffs,<br><br>                  vs.<br><br>IVY ASSET MANAGEMENT CORP., et al,<br><br>                  Defendants. | Court File No.<br>502010CA029643 XXXX MB<br>AB |

{2283 / ORD / 00117465.DOC v1}

BEFORE THE AMERICAN ARBITRATION ASSOCIATION

| | |
|---|---|
| JOEL T. GLUCK,<br><br>                  Claimant,<br><br>        v.<br><br>BEACON ASSOCIATES LLC II et al.,<br><br>                  Respondents. | AAA No.  19 435 00120 10 |

**[SECOND AMENDED ~~PROPOSED~~] FINAL JUDGMENT<br>AND ORDER OF DISMISSAL WITH PREJUDICE<br>REGARDING SETTLEMENT AND RULES 23 AND 23.1**

09-cv-777
09-cv-3907 (cm)

{2283 / ORD / 00117465.DOC v1}

This matter came before the Court for a hearing, which was held on March 15, 2013, pursuant to the Order of this Court entered on November 30, 2012 (the "Preliminary Approval Order"), on the Motion of Plaintiffs' Class Counsel for: (i) final approval of the proposed settlement (the "Settlement") of the above-captioned consolidated actions (collectively, the "Actions"); (ii) certification of the Settlement Classes, with the proposed class representatives as representatives of their respective Classes, Plaintiffs' Co-Lead Settlement Class Counsel as lead class counsel for the respective actions in which they currently serve as Lead Counsel and additional Plaintiffs' Counsel as counsel in the respective positions for the Classes to which they were appointed by the Court and/or in which they currently serve in the Actions; (iii) determination that the provisions of Rule 23.1 of the Federal Rules of Civil Procedure, were satisfied, and that the derivative claims were properly maintained in *In re J.P. Jeanneret Associates, Inc.*, No. 09-cv-03907; (iv) determination that the form, method and content of notice satisfied due process, the Federal Rules of Civil Procedure and the Private Securities Litigation Reform Act of 1995.

On March 15, 2013, the Court entered a Minute Order holding that the final Settlement is approved.

Due and adequate notice having been given to the Settlement Classes as required by the Preliminary Approval Order, and the Court having considered all papers filed and proceedings in the Actions, in particular all papers and filings made on the Motion for Approval of the Settlement; all events set forth in ¶ 7.1 of the Stipulation having occurred; and the Court otherwise being fully informed of the matters herein, and good cause appearing therefor, IT IS HEREBY ORDERED, ADJUDGED AND DECREED as follows:

1.      This Court has jurisdiction over the subject matter of the Federal Actions,

including the terms and conditions of the Stipulation and all exhibits thereto, and over the Secretary, the Private Settling Plaintiffs, the Settlement Class Members, and the Settling Defendants.

2.      Unless otherwise defined herein, all capitalized terms used herein have the meanings set forth and defined in the Stipulation.

3.      With respect to *In re Beacon Associates Litigation*, No. 09-cv-00777-LBS ("*In re Beacon*"), Plaintiffs' motion to certify the Beacon Investor Class, the Beacon Jeanneret Investor Subclass, the Beacon ERISA Class and the Beacon Jeanneret ERISA Subclass was granted on March 14, 2012 (as amended). *In re Beacon*, Dkt. No 432 (the "March 14 Order"). With respect to *Board of Trustees of the Buffalo Laborers Security Fund et al., v. J.P. Jeanneret Assoc. Inc.*, No. 09-cv-08362 ("*Buffalo Laborers*"), Plaintiffs' motion to certify the Buffalo Laborers' Class was granted on May 3, 2012. *Buffalo Laborers*, Dkt. No. 102 (the "May 3 Order"). By Order of the Court dated March 19, 2012, the Plaintiffs in *Hartman v. Ivy Asset Management*, No. 09-8278 (hereinafter, "Hartman Plaintiffs"), were excluded from the *Buffalo Laborers* class.

4.      Pursuant to Rule 23(a), (b)(3) and (c)(1)(C) of the Federal Rules of Civil Procedure, and solely for the purposes of the Stipulation and Settlement, the Court has as part of its Preliminary Approval Order altered and amended the March 14 Order in *In re Beacon* and the definitions of the Beacon Investor Class and the Beacon Jeanneret Investor Subclass certified in *In re Beacon* and certified them as follows:

> **Beacon Investor Class:** "All investors in the Beacon Funds that had not fully redeemed their interests in the Beacon Funds as of December 11, 2008."
>
> **Beacon Jeanneret Investor Subclass:** "All persons and entities who obtained the investment management services of JPJA, John P. Jeanneret, or Paul L. Perry, and who invested in the Beacon Funds that had not fully redeemed their interests in the

Beacon Funds as of December 11, 2008."

5.      Pursuant to Rule 23(a), (b)(3) and (c)(1)(C) of the Federal Rules of Civil

Procedure, and solely for the purposes of the Stipulation and Settlement, the Court has as part of

its Preliminary Approval Order altered and amended the May 3 Order and the definition of the

Buffalo Laborers Class certified in *Buffalo Laborers* and certified it as follows:

> **Buffalo Laborers Class:** "All trustees and named fiduciaries of any employee
> benefit plan covered by ERISA (acting in their fiduciary capacity on behalf of the
> plan and for the benefit of all participants and beneficiaries of the plans for which
> they serve as trustees) that obtained the investment management services of J.P.
> Jeanneret Associates Inc. and that invested with Bernard L. Madoff, either directly
> with Bernard L. Madoff Investment Securities LLC ("BLMIS"), or indirectly through
> the Income Plus Fund or the Andover Funds, and that had not fully redeemed its
> interests in BLMIS, the Income Plus Fund or the Andover Funds as of December 11,
> 2008."

6.      Pursuant to Rule 23(a) and (b)(3) of the Federal Rules of Civil Procedure, and

solely for the purposes of the Stipulation and Settlement, the Court has as part of its Preliminary

Approval Order certified the following Settlement Class in *In re Beacon:*

> **Beacon Fiduciary Class:** "All trustees and named fiduciaries of any employee
> benefit plan covered by ERISA (acting in their fiduciary capacity on behalf of the
> plan and for the benefit of all participants and beneficiaries of the plans for which
> they serve as trustees) that invested in the Beacon Funds and that had not fully
> redeemed its interests in the Beacon Funds as of December 11, 2008;"

and certified the following Settlement Classes in *In re Jeanneret*:

> **Income Plus Investor Class:** "All investors in the Income Plus Fund that had not
> fully redeemed their interests in the Income Plus Fund as of December 11, 2008."

> **Direct Investor Class:** "All investors who invested directly with Madoff pursuant
> to a Discretionary Investment Management Agreement with JPJA that had not fully
> redeemed their investments with BLMIS as of December 11, 2008."

For the purposes of this Settlement, the Court has also found as part of its Preliminary Approval

Order that the prerequisites for a class action under Rule 23(a) and (b)(3) of the Federal Rules of

Civil Procedure have been satisfied as to each of the Beacon Investor Class, the Beacon

{2283 / ORD / 00117465.DOC v1}                    3

Jeanneret Investor Subclass, the Buffalo Laborers Class, the Beacon Fiduciary Class, the Income

Plus Investor Class and the Direct Investor Class (collectively, the "Rule 23(b)(3) Classes") in

that: (a) the members of each of the Rule 23(b)(3) Classes are so numerous that joinder of all

members thereof is impracticable; (b) there are questions of law and fact common to each of the

Rule 23(b)(3) Classes; (c) Plaintiffs' claims are typical of the claims of the Rule 23(b)(3) Classes

that they seek to represent; (d) Plaintiffs have fairly and adequately represented and will continue

to fairly and adequately represent the interests of the Rule 23(b)(3) Classes; (e) the questions of

law or fact common to the members of the Rule 23(b)(3) Classes predominate over any questions

affecting only individual members of the Rule 23(b)(3) Classes; and (f) a class action is superior

to other available methods for the fair and efficient adjudication of the controversy.

     7.     Pursuant to Rule 23(a), (b)(1) and (c)(1)(C) of the Federal Rules of Civil

Procedure, and solely for the purposes of the Stipulation and Settlement, the Court has as part of

its Preliminary Approval Order altered and amended the March 14 Order and the definitions of

the Beacon ERISA Class and the Beacon Jeanneret ERISA Subclass certified in *In re Beacon*

and certified them as follows:

> **Beacon Participant and Beneficiary Class:** [1] "All participants and beneficiaries of
> any employee benefit plan covered by ERISA that invested in the Beacon Funds and
> that had not fully redeemed its interests in the Beacon Funds as of December 11,
> 2008."

> **Beacon Jeanneret ERISA Subclass:** "All participants and beneficiaries of any
> employee benefit plan covered by ERISA who obtained the investment management
> services of JPJA, John P. Jeanneret, or Paul L. Perry, and who invested in Beacon I
> or Beacon II that had not fully redeemed its interests in the Beacon Funds as of
> December 11, 2008."

     8.     Pursuant to Rule 23(a) and (b)(1) of the Federal Rules of Civil Procedure, and

solely for the purposes of the Stipulation and Settlement, the Court has as part of its Preliminary

---

[1] Formerly known as the Beacon ERISA Class.

Approval Order certified the following Settlement Classes in *Buffalo Laborers*:

**Income Plus Participant and Beneficiary Class**: "All participants and beneficiaries of any employee benefit plan covered by ERISA that invested in the Income Plus Fund and that had not fully redeemed its interests in the Income Plus Fund as of December 11, 2008."

**Andover Participant and Beneficiary Class**: "All participants and beneficiaries of any employee benefit plan covered by ERISA that invested in the Andover Funds and that had not fully redeemed its interests in the Andover Funds as of December 11, 2008."

**Direct Investor Participant and Beneficiary Class**: "All participants and beneficiaries of any employee benefit plan covered by ERISA that invested directly with Madoff pursuant to a Discretionary Investment Management Agreement with JPJA and that had not fully redeemed its investments with BLMIS as of December 11, 2008."

For the purposes of this Settlement, the Court has also found as part of its Preliminary Approval Order that the prerequisites for a class action under Rule 23(a) and (b)(1) of the Federal Rules of Civil Procedure have been satisfied as to each of the Beacon Participant and Beneficiary Class, the Beacon Jeanneret ERISA Subclass, the Income Plus Participant and Beneficiary Class, the Andover Participant and Beneficiary Class and the Direct Investor Participant and Beneficiary Class (collectively, the "Rule 23(b)(1) Classes") in that: (a) the members of each of the Rule 23(b)(1) Classes are so numerous that joinder of all members thereof is impracticable; (b) there are questions of law and fact common to each of the Rule 23(b)(1) Classes; (c) Plaintiffs' claims are typical of the claims of the Rule 23(b)(1) Classes that they seek to represent; (d) Plaintiffs have fairly and adequately represented and will continue to fairly and adequately represent the interests of the Rule 23(b)(1) Classes; and (e) prosecuting separate actions by individual class members would create a risk of inconsistent or varying adjudications or adjudications with respect to individual class members that, as a practical matter, would be dispositive of the interests of other members not parties to the individual adjudications or would substantially impair or impede their ability to protect their interests.

{2283 / ORD / 00117465.DOC v1}                                           5

9.     As part of its Preliminary Approval Order pursuant to Rule 23 of the Federal

Rules of Civil Procedure, and for the purposes of this Settlement only, the Court certified the

following Class Representatives and Class Counsel, respectively:

| CLASS | CLASS REPRESENTATIVES | CLASS COUNSEL |
|---|---|---|
| Beacon Investor Class and Beacon Jeanneret Investor Subclass | Plumbers & Steamfitters Local 267 Pension Fund; Plumbers & Steamfitters Local 267 Insurance Fund; Plumbers Local 112 Health Fund; Local 73 Retirement Fund<br><br>John and Phyllis Cacoulidis, as Trustees of Grand Metro Builders of N.Y. Corp. Defined Benefit Plan<br><br>Jay Raubvogel | Lowey Dannenberg Cohen & Hart, P.C.<br><br>Wolf Haldenstein Adler Freeman & Herz LLP<br><br>Bernstein Liebhard LLP |
| Income Plus Investor Class | Local 73 Retirement Fund; Local 73 Annuity Fund | Lowey Dannenberg Cohen & Hart, P.C. |
| Direct Investor Class | Plumbers & Steamfitters Local 267 Pension Fund; Plumbers & Steamfitters Local 267 Insurance Fund; Local 73 Health & Welfare Fund | Lowey Dannenberg Cohen & Hart, P.C. |
| Beacon Fiduciary Class and Beacon Jeanneret ERISA Subclass | Gregory Lancette as Trustee of Plumbers & Steamfitters Local 267 Pension and Insurance Funds; James Rounds as Trustee of Plumbers Local 112 Health Fund; Patrick Carroll as Trustee of Local 73 Retirement Fund<br><br>William Shannon as Trustee of Laborers Local 214 Pension Fund, now known as, Central New York Laborers Pension Fund; Donald Morgan as Trustee of IBEW Local 43 & Health and Welfare Fund | Lowey Dannenberg Cohen & Hart, P.C.<br><br>Cohen Milstein Sellers & Toll PLLC |

| Buffalo Laborers Class | Board of Trustees of the Buffalo Laborers Security Fund, Welfare Fund, and the Welfare Staff Fund | Kessler Topaz Meltzer & Check LLP |
|---|---|---|
| Beacon Participant and Beneficiary Class | Gregory Lancette as Trustee and Participant of Plumbers & Steamfitters Local 267 Pension and Insurance Funds; James Rounds as Trustee and Participant of Plumbers Local 112 Health Fund; Patrick Carroll as Trustee and Participant of Local 73 Retirement Fund<br><br>William Shannon as Trustee and Participant of Laborers Local 214 Pension Fund, now known as, Central New York Laborers Pension Fund; Donald Morgan as Trustee and Participant of IBEW Local 43 & Health and Welfare Fund | Lowey Dannenberg Cohen & Hart, P.C.;<br><br><br>Cohen Milstein Sellers & Toll PLLC |
| Income Plus Participant and Beneficiary Class | Gary Kubik as Participant and Beneficiary of the Buffalo Laborers Security Fund | Kessler Topaz Meltzer & Check LLP |
| Andover Participant and Beneficiary Class | Gary Kubik as Participant and Beneficiary of the Buffalo Laborers Welfare Fund | Kessler Topaz Meltzer & Check LLP |
| Direct Investor Participant and Beneficiary Class | Gary Kubik as Participant and Beneficiary of the Buffalo Laborers Welfare Fund | Kessler Topaz Meltzer & Check LLP |

10.     Excluded from all Settlement Classes are: (a) the Settling Defendants; (b) the spouses of individual Settling Defendants; (c) executive officers of the corporate Settling Defendants (except that for BAMC and AAMC, the executive officer exclusion does not apply to Robert Danziger and Michael Markhoff or any trusts or financial vehicles established for their

benefit); (d) corporate entities that control or are controlled by the corporate Settling Defendants (except where such entity is acting merely and solely as an agent, manager and/or custodian); (e) all persons described and designated in Paragraph 21, below, who excluded themselves from the settlement class; and (f) the legal representatives, heirs, successors and assigns of any excluded person solely in their capacity as legal representatives, heirs, successors and assigns, as applicable, of an excluded person and not in their individual capacity (collectively, the "Excluded Persons"). Excluded from the Buffalo Laborers Class are the Hartman Plaintiffs.

11.     Pursuant to Rule 23.1 of the Federal Rules of Civil Procedure, and for the purposes of this Settlement only, the Court finds that the provisions of Rule 23.1 of the Federal Rules of Civil Procedure have been satisfied and the derivative claims asserted in the *In re Jeanneret* Action have been properly maintained according to the provisions of that Rule.

12.     Pursuant to Rule 23.1 of the Federal Rules of Civil Procedure, and for the purposes of this Settlement only, the Court finds that Local 73 Retirement and Local 73 Annuity have standing to prosecute and settle the derivative claims asserted in the *In re Jeanneret* Action.

13.     The Court finds that the distribution of the Notice, and the notice methodology, were all implemented in accordance with the terms of the Stipulation, and the Preliminary Approval Order and:

(a)     constituted the best practicable notice to Settlement Class Members under the circumstances of the Actions;

(b)     were reasonably calculated, under the circumstances, to apprise Settlement Class Members of: (i) the proposed Settlement of the Actions; (ii) their right, where applicable, to exclude themselves from the Settlement Classes; (iii) their right to

object to any aspect of the proposed Settlement (including the Plan of Allocation and the Attorneys' Fees and Expenses Application(s)); (iv) their right to appear at the Fairness Hearing, either personally or through counsel at their expense, if they are not excluded from the Settlement Classes; and (v) the binding effect of the proceedings, rulings, orders, and judgments in the Actions, whether favorable or unfavorable, on all persons who are not excluded from the Settlement Classes;

(c)     were reasonable and constituted due, adequate, and sufficient notice to all persons entitled to be provided with notice; and

(d)     fully satisfied all applicable requirements of the Federal Rules of Civil Procedure (including Rules 23(c) and (d) and Rule 23.1), the United States Constitution (including the Due Process Clause), the Private Securities Litigation Reform Act of 1995, the Rules of the Court, and any other applicable law.

14.     The Court finds that a full opportunity has been offered to the Settlement Class Members to object to the proposed Settlement and to participate in the March 15, 2013 Hearing.

15.     The Court finds and declares, in accordance with the Declaratory Judgment Act (28 U.S.C. §§ 2201-2202), that: (i) the notice and hearing regarding the Settlement was fair, adequate, reasonable, and consistent with the Court's prior Preliminary Approval Order; and (ii) the Settlement is fair, adequate and reasonable.

16.     The Court has considered the Objections, if any, made by various objectors and, to the extent not withdrawn, finds the objectors to lack standing, and/or finds the objections to be deficient and/or to otherwise be without merit and hereby determines that they are overruled.

17.     Pursuant to Rule 23 and Rule 23.1 of the Federal Rules of Civil Procedure, this Court finds that the terms and provisions of the Stipulation were entered into by the Settling

Parties at arm's length, without collusion, and in good faith, and are fully and finally approved as fair, reasonable, and adequate as to, and in the best interests of, each of the Settling Parties, the Settling Funds and the Settlement Class Members in the Federal Actions.  The Settling Parties in the Federal Actions and their counsel are hereby directed to implement and consummate the Settlement in accordance with its terms and conditions.

18.     The Court finds that all parties to the Federal Actions and their counsel have complied with each requirement of Rule 11 of the Federal Rules of Civil Procedure as to all proceedings herein.

19.     Upon the Effective Date, each of the Federal Actions shall be dismissed with prejudice as to the Settling Defendants.

20.     In addition to the releases provided in the Stipulation amongst the Settling Parties, as of the Effective Date, each and all Settlement Class Members (who have not been excluded from the Settlement Classes, or having been excluded, having re-opted-in), on behalf of themselves, their successors and assigns, shall be deemed to have fully, finally, and completely released all Plaintiff Released Claims against the Defendant Released Parties.  As of the Effective Date, each and all Settlement Class Members shall be permanently barred and enjoined from instituting, commencing, prosecuting or continuing to maintain, whether directly, indirectly, derivatively, in a representative capacity or in any other capacity, in the Settling Actions or any other action or proceeding, including in any federal or state court, or in any other court, arbitration proceeding, administrative proceeding or other tribunal or forum in the United States or elsewhere, any Plaintiff Released Claim against any of the Defendant Released Parties, regardless of whether any such Settlement Class Member ever seeks or obtains any distribution from the Net Settlement Fund by any means, including, without limitation, by submitting a

Proof of Claim and Release. Nothing contained herein shall, however, bar the Settling Plaintiffs from bringing any action or claim to enforce the terms of the Stipulation or this Judgment.

21. All Persons whose names appear on Exhibit A hereto are hereby excluded from the Settlement Class, are not bound by this Judgment and may not make any claim with respect to or receive any benefit from the Settlement. Such Excluded Persons shall be permanently barred and enjoined from instituting, commencing, prosecuting or continuing to maintain whether directly, indirectly, derivatively, in a representative capacity or in any other capacity, in the Settling Actions or any other action or proceeding, including in any federal or state court, or in any other court, arbitration proceeding, administrative proceeding or other tribunal or forum in the United States or elsewhere, any Released Claims on behalf of those entities or individuals who are bound by this Judgment, including without limitation, any Released Claims that were asserted by or on behalf of the Settling Funds in the Actions or any other action or proceeding.

22. All Persons (other than any non-settling defendant in any State Court Derivative Action at the time the respective State Derivative Action Order and Judgment is entered) shall be permanently barred and enjoined from instituting, commencing, prosecuting or continuing to maintain whether directly, indirectly, derivatively, in a representative capacity or in any other capacity, in the Settling Actions or any other action or proceeding, including in any federal or state court, or in any other court, arbitration proceeding, administrative proceeding or other tribunal or forum in the United States or elsewhere, any claim for subrogation, indemnification, contribution or any other claim against the Defendant Released Parties where the injury consists of actual or threatened liability to any Settling Plaintiff or Settlement Class Member (or any fiduciary, trustee, participant, beneficiary, limited partner, member, representative, successor or assign thereto) or any settlement payment to any Settling Plaintiff or Settlement Class Member

{2283 / ORD / 00117465.DOC v1}                    11

(or any fiduciary, trustee, participant, beneficiary, limited partner, member, representative, successor or assign thereto), based upon the Released Claims or arising out of the same or similar facts or transactions as are at issue in the Settling Actions, whether arising under state, federal or foreign law as claims, cross-claims, third-party claims or otherwise (the "Settlement Bar"). If, but for the Settlement Bar, any such Person ("Barred Person") would have been entitled to maintain a claim for subrogation, indemnification, contribution or any other claim against one or more of the Defendant Released Parties in the Settling Actions or in any other action, then such Barred Person shall be entitled to a judgment reduction credit for the greater of (i) the amount paid to such Settling Plaintiff or Settlement Class Member pursuant to this Settlement to the extent both the Settlement amount and the judgment represent damages for the same injury, or (ii) the proportionate share of liability of one or more of such Defendant Released Parties for the claim against such Barred Person for the same injury, which may be adjusted as appropriate based on applicable principles of law by the court adjudicating the claim against such Barred Person to reflect any limitation on the financial capability of such Defendant Released Party (if any) to pay its respective proportionate share of liability.

23.     Neither this Judgment, nor the Stipulation, nor the Settlement, nor any of the negotiations, documents, proceedings and acts performed in connection therewith, nor any of the proceedings in the Settling Actions relating to the Stipulation or the Settlement, nor the State Derivative Action Orders and Judgments: (i) is or may be deemed to be or may be used as an admission or evidence of the truth of any of the allegations in the Settling Actions or of the validity of any Released Claim or of any wrongdoing or liability of any kind of the Defendant Released Parties; or (ii) is or may be deemed to be or may be used as an admission or evidence of any liability, fault, or omission of the Defendant Released Parties in any civil, criminal or

{2283 / ORD / 00117465.DOC v1}                    12

administrative proceeding in any court, arbitration proceeding, administrative agency or other forum or tribunal in which the Defendant Released Parties are or become parties, other than in such proceedings as may be necessary to consummate or enforce the Stipulation, the Settlement, the Judgment or the State Derivative Action Orders and Judgments.

24.     The Stipulation and the terms of the Settlement may be offered or received in any action or proceeding: (i) arising under the Stipulation or arising out of this Judgment, (ii) where the releases provided pursuant to the Stipulation may serve as a bar to recovery, (iii) to determine the availability, scope, or extent of insurance coverage for the sums expended for the Settlement and defense of the Actions; or (iv) to determine the availability of indemnification, contribution, or advancement of fees and expenses, and the rights or obligations of the Settling Defendants.

25.     JP Morgan shall continue to act as the depository institution holding the Settlement Fund in an Account invested in the manner provided in the Stipulation.  Accounting-related functions for this Account, including, but not limited to the filing of tax returns and such services as may be required from time to time for the administration of the Funds through the Claims Administrator, will be provided by Garden City Group.

26.     The Released Parties may file the Stipulation and/or this Judgment in any action that may be brought against them in order to support a defense or counterclaim based on principles of *res judicata*, collateral estoppel, full faith and credit, release, good faith settlement, judgment bar or reduction or any other theory of claim preclusion or issue preclusion or similar defense or counterclaim.

27.     Except as to the enforcement by the NYAG as to any payments called for in the Stipulation, exclusive jurisdiction is hereby retained over all remaining matters relating to (i) the

administration, interpretation, effectuation or enforcement of the Stipulation and this Judgment, (ii) the Plan of Allocation, (iii) disbursement of the Net Settlement Fund, (iv) any application for fees and expenses incurred in connection with administering and disbursing the Settlement proceeds to the Settlement Class Members, (v) if any part of it remains undecided, the Attorneys' Fees and Expenses Application, and (vi) all matters relating to the Federal Actions and the Settlement of all Settling Actions.

28.     The Escrow Agent is directed to comply with its obligations in accordance with the terms of the Stipulation and the Escrow Agreement.

29.     Without further order of the Court or notice to the Settlement Class, the Settling Parties may agree to reasonable extensions of time to carry out any of the provisions of the Stipulation.

30.     In the event that the Effective Date does not occur in accordance with the terms of the Stipulation, then the Preliminary Approval Order, and this Judgment shall each be rendered null and void to the extent provided by and in accordance with the Stipulation and shall be vacated and, in such event, all orders entered, including those certifying the Settlement Classes for settlement purposes only, and any releases delivered in connection herewith shall be null and void to the extent provided by and in accordance with the Stipulation.

31.     The provisions of this Judgment constitute a full and complete adjudication of the matters considered and adjudged herein.

32.     The Court shall retain continuing jurisdiction over the Settlement, as well as the administration thereof and all proceedings arising out of or related to the Stipulation and/or the Settlement, except as to the enforcement by the NYAG as to any payments called for in the Stipulation.

{2283 / ORD / 00117465.DOC v1 }                    14

33.     Other than as set forth in ¶ 5.11 of the Stipulation, any order or proceeding relating to the Plan of Allocation or modification thereof shall not operate to terminate or cancel the Stipulation, or affect or delay the finality of this Judgment and the Settlement of the Actions as set forth herein.

34.     Any order or proceeding relating to the Attorneys' Fees and Expenses Application(s), or any appeal from any Attorneys' Fees and Expenses Awards or any other order relating thereto or reversal or modification thereof, shall not operate to terminate or cancel the Stipulation, or affect or delay the finality of this Judgment and the Settlement of the Actions as set forth herein.

35.     There is no just reason for delay in the entry of this Judgment and Order and immediate entry by the Clerk of the Court is directed pursuant to Rule 54(b) of the Federal Rules of Civil Procedure.

SIGNED this ___ day of ___, 2013.

Honorable Colleen McMahon
UNITED STATES DISTRICT JUDGE

{2283 / ORD / 00117465.DOC v1}                    15