McMahon, C.

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| IN RE BEACON ASSOCIATES LITIGATION | No. 09 Civ. 0777 (LBS) |
| IN RE J.P. JEANNERET ASSOCIATES, INC. | No. 09 Civ. 3907 (CM) |
| HILDA L. SOLIS, Secretary of the United States Department of Labor, Plaintiff, v. BEACON ASSOCIATES MANAGEMENT CORP. et al., Defendants. | No. 10 Civ. 8000 (LBS) (AJP) |
| BOARD OF TRUSTEES OF THE BUFFALO LABORERS SECURITY FUND et al., Plaintiffs, v. J.P. JEANNERET ASSOCIATES, INC. et al. Defendants. | No. 09 Civ. 8362 (LBS) (AJP) |
| BEACON ASSOCIATES MANAGEMENT CORP. Plaintiff, v. BEACON ASSOCIATES LLC I, Defendant. | No. 09 Civ. 6910 (AJP) |

ELECTRONICALLY FILED
DOC #: 
7/17/13

(Caption continued on next page)

| | |
|---|---|
| ERNEST A. HARTMAN et al.,<br>Plaintiffs,<br><br>v.<br><br>IVY ASSET MANAGEMENT L.L.C. et al.,<br><br>Defendants. | No. 09 Civ. 8278 (LBS) (AJP) |
| STEPHEN C. SCHOTT, as TRUSTEE FOR THE STEPHEN C. SCHOTT 1984 TRUST,<br><br>Plaintiff,<br><br>v.<br><br>IVY ASSET MANAGEMENT CORP. et al.,<br><br>Defendants. | No. 10 Civ. 8077 (LBS) |
| DONNA M. McBRIDE, individually and derivatively on behalf of Beacon Associates LLC II,<br><br>Plaintiff,<br><br>v.<br><br>KPMG INTERNATIONAL et al.<br><br>Defendants,<br><br>-and-<br><br>BEACON ASSOCIATES LLC II,<br><br>Nominal Defendant. | Index No. 650632/2009E |
| ALISON ALTMAN, et al.<br>Plaintiffs,<br><br>v.<br><br>BEACON ASSOCIATES MANAGEMENT CORPORATION, et al.<br><br>Defendants. | Index No. 652238/2010 |

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NASSAU

| | |
|---|---|
| JOEL SACHER and SUSAN SACHER, derivatively on behalf of BEACON ASSOCIATES LLC II,<br><br>Plaintiffs,<br><br>v.<br><br>BEACON ASSOCIATES MANAGEMENT CORP. et al.,<br><br>Defendants,<br><br>-and-<br><br>BEACON ASSOCIATES LLC II,<br><br>Nominal Defendant. | Index No. 005424/2009 |
| CHARLES J. HECHT, derivatively on behalf of ANDOVER ASSOCIATES LLC I,<br><br>Plaintiff,<br><br>v.<br><br>ANDOVER ASSOCIATES MANAGEMENT CORP. et al.,<br><br>Defendants,<br><br>-and-<br><br>ANDOVER ASSOCIATES LLC I,<br>Nominal Defendant. | Index No. 006110/2009 |

| THE JORDAN GROUP LLC, derivatively on behalf of BEACON ASSOCIATES LLC I,<br><br>Plaintiff,<br><br>v.<br><br>BEACON ASSOCIATES MANAGEMENT CORP. et al.,<br><br>Defendants,<br><br>-and-<br><br>BEACON ASSOCIATES LLC I,<br><br>Nominal Defendant. | Index No. 003757/2011 |
| --- | --- |

CIRCUIT COURT OF THE STATE OF FLORIDA
FIFTEENTH JUDICIAL CIRCUIT, PALM BEACH COUNTY

| HARVEY GLICKER, et al,<br><br>Plaintiffs,<br><br>vs.<br><br>IVY ASSET MANAGEMENT CORP., et al,<br><br>Defendants. | Court File No.<br>502010CA029643 XXXX MB AB |
|---|---|

BEFORE THE AMERICAN ARBITRATION ASSOCIATION

| JOEL T. GLUCK,<br><br>Claimant,<br><br>v.<br><br>BEACON ASSOCIATES LLC II et al.,<br><br>Respondents. | AAA No. 19 435 00120 10 |
|---|---|

## [PROPOSED] ORDER APPROVING DISTRIBUTION OF CLASS SETTLEMENT FUND

**WHEREAS**, these class and coordinated actions having been globally settled, the Court having granted final approval to the Settlement and Plan of Allocation by Order dated March 15, 2013 (Dkt. No. 387) and Memorandum Opinion dated May 15, 2013 (Dkt. No. 481); and the Final Judgment and Order of Dismissal with Prejudice Regarding Settlement and Rules 23 and 23.1 (Dkt. No. 484) ("Final Judgment") having been entered by the Clerk of the Court;

**WHEREAS**, the Gross Settlement Fund, pursuant to the Court's direction, has been in the custody of the Garden City Group, Inc., ("GCG") as Escrow Agent, in an escrow account titled "Beacon/Income Plus/Andover/Direct Madoff Settlement Escrow Account" (the "Escrow Account") at J.P. Morgan Chase Bank, NA (the "Depository Bank");

**WHEREAS,** this Court has directed the parties to consummate the terms of the Settlement and the Plan of Allocation;

**WHEREAS,** this Court retains jurisdiction of the above-captioned actions for purposes of considering any further application or matter which may arise in connection with the

administration and implementation of the Settlement and the Proofs of Claim and the distribution to the Class Members whose Proofs of Claim have been accepted ("Authorized Claimants");

**WHEREAS**, Lead Class Counsel has moved for approval of the distribution of the Net Settlement Fund pursuant to the terms and conditions of the Stipulation and the Plan of Allocation;

**WHEREAS,** 100% of all Rule 23(b)(3) Class Members who are eligible to receive a distribution from the Settlement Fund have submitted Proofs of Claim;

**WHEREAS**, pursuant to the Settlement Stipulation, the Beacon/Andover Defendants waived any and all claims to receive any management fees, expenses, indemnity, or re-imbursement of any kind from the Beacon Funds and Andover Funds, including without limitation, any claims for accrued or unpaid management fees owed by the Beacon Funds or Andover Funds, in the amount of three million three hundred fifty seven thousand six hundred ninety four dollars ($3,357,694), of which the Beacon management fees are $2,842,270 and the Andover management fees are $515,424;

**WHEREAS**, on or about February 5, 2013, in accordance with the Escrow Agreement, GCG caused a Form 1120-SF (U.S. Income Tax Return for Settlement Funds) to be filed with the Internal Revenue Service, for calendar year 2012;

**NOW, THEREFORE**, upon reading the Affidavit of Stephen Cirami of the Garden City Group dated July 9, 2013, the Affidavit of Lynda Borucki dated July 1, 2013, and the Memorandum of Law submitted in support of this Motion, upon the previously submitted Affidavit of Jason Zuena in Support of Plaintiffs Motion for Final Approval, dated December 21, 2012 and the February 19, 2013 Zuena Affidavit, and upon all prior proceedings herein,

**IT IS HEREBY ORDERED,**

1. This Court finds that the procedures and methods utilized in the administration of the Settlement and the review, processing, validation and calculation of claims submitted by Rule 23(b)(3) Class Members fully complied with the notice and administration provisions and the plan of allocation set forth in the Stipulation and Settlement Notices and approved by the Court.

2. This Court approves of Plaintiffs' Class Counsels' and GCG's administration with respect to payment of all taxes (if any) owed by the Settlement Fund and directs that payment be made from the Settlement Fund to the Internal Revenue Service for the proper amount of taxes due and owing on interest earned by the Settlement Fund while in escrow.

3. This Court allows all complete and valid claims, including those filed timely and those received late as determined by GCG and directs payment of each such Authorized Claimaints' *pro rata* share from the proceeds of the Net Settlement Fund, after payment of all regulatory payments, attorneys' fees and expenses, and fees and expenses of GCG and the Brattle Group ("Brattle") allowed herein or previously approved, and taxes due or owing, to all Authorized Claimants whose claims are listed as eligible claims, to the extent of such eligibility, in Exhibit F to the Cirami Affidavit. The checks for distribution to the claimants shall bear the notation "CASH PROMPTLY. VOID AND SUBJECT TO RE-DISTRIBUTION IF NOT CASHED WITHIN 60 DAYS AFTER ISSUE DATE," or words of similar import.

4. The Administrative Recommendation to accept all approved claims, as set forth in the Cirami Affidavit, is adopted. The Administrative Recommendation to accept late but otherwise valid claims, as set forth in the Cirami Affidavit, is adopted. The Administrative Recommendation to approve payments to (a) individual retirement accounts (for further

distribution to beneficiaries by the custodial bank), (b) joint accounts; and (c) assignees, upon receipt of documentation satisfactory to Lead Counsel including a signed indemnification letter, as set forth in the Cirami Affidavit, is adopted. The Administrative Recommendation to approve payments to payees under their current name pursuant to information that the payee has undergone a name change, upon receipt of documentation satisfactory to Lead Counsel including a signed indemnification letter, as set forth in the Cirami Affidavit, is adopted. The Administrative Recommendation to treat accounts which had been closed prior to the revelation of the Madoff Ponzi Scheme, but then the account holder opened (or re-opened) an account under the same name, as one account, as set forth in the Cirami Affidavit, is adopted. The administrative determination to allocate SIPC advances to Direct Investors based on amounts received and to allocate SIPC advances to the Funds *pro rata* to the investors in the Funds, as set forth in the Cirami Affidavit, is approved.

5. The Court authorizes destruction of paper copies of Proof of Claim forms and all supporting documentation one year after complete distribution of the Net Settlement Fund, and authorizes destruction of the electronic copies of the same records three years after complete distribution of the Net Settlement Fund.

6. All persons involved in the review, verification, calculation, tabulation, or any other aspect of the processing of the Proofs of Claim or otherwise involved in the administration, allocation or taxation of the Gross Settlement Fund, Settlement Fund, or the Net Settlement Fund, including, without limitation, Brattle, GCG and Private Plaintiffs' Counsel are released and discharged from any and all claims arising out of such involvement, except in the event that willful misconduct or fraud is demonstrated. All persons, whether or not they are to receive payment from the Net Settlement Fund, are barred from making any further claim against the Net

Settlement Fund, Brattle, GCG or Private Plaintiffs' Counsel, beyond the amount allocated to them pursuant to this Order.

7. Lead Counsel is authorized to direct a distribution of the Net Settlement Fund to the Authorized Claimants (as defined in the Settlement Stipulation ¶ 1.6), after deducting the regulatory, attorneys' fees and expense payments (including current and projected fees and expenses of $54,797.07 for GCG and $6,528.75 for Brattle) previously approved by the Court, or as approved herein.

8. The Beacon/Andover Funds are directed to distribute to the Beacon and Andover investors respectively the accrued management fees in the amounts of $2,842,270 (representing the Beacon management fees) and $515,424 (representing the Andover management fees), in accordance with the *pro rata* amounts of each Beacon and Andover investor as set forth in the Plan of Allocation, and as set forth on Exhibit F to the Cirami Affidavit (including the Income Plus Investment Funds' *pro rata* share of the Beacon Fund which will be further allocated to Income Plus Investors in accordance with their *pro rata* shares of the Income Plus Fund), in accordance with the Plan of Allocation, out of monies currently held by Beacon and Andover, at the time the Beacon/Andover Funds make their next distribution of monies obtained from the Madoff Trustee to investors (and in the case of Andover as supplemented by future distributions from the Madoff Trustee).

9. This Court continues to reserve jurisdiction over all matters relating to the consummation of the Settlement in accordance with the Final Judgment.

SIGNED this 15 day of July, 2013.

Honorable Colleen McMahon
UNITED STATES DISTRICT JUDGE